NO. 07-08-0225-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 11, 2008

_____


SUMMER DAWN TEETERS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. A 14557-0207; HON. ED SELF, PRESIDING

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.


**MEMORANDUM OPINION**


Appellant, Summer Dawn Teeters, appeals from an order adjudicating her guilty of the offense of credit card abuse and sentencing her to two years in a State Jail Facility. Appellant originally pled guilty to the offense of credit card abuse and, pursuant to a plea bargain, received a deferred adjudication community supervision for a period of one year. The State filed a motion to adjudicate, and a subsequent amended motion to adjudicate,

alleging a number of violations of the terms and conditions of community supervision. After hearing the motion to proceed with adjudication, the trial court continued appellant on deferred adjudication community supervision and extended her supervision period. Subsequently, the State filed another motion to adjudicate appellant. At the hearing on this motion to adjudicate, appellant pled true to the allegations contained in the motion. The trial court found the allegations contained in the State's motion to be true and adjudicated appellant guilty of the offense of credit card abuse. After hearing the punishment evidence, appellant was sentenced to a term of confinement of two years in a State Jail Facility. This appeal followed. We affirm.

Appellant's attorney has filed an Anders brief and a motion to withdraw. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that he has provided appellant a copy of the Anders brief and motion to withdraw and appropriately advised appellant of her right to file a *pro se* response in this matter. Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The court has also advised appellant of her right to file a *pro se* response. Appellant has not filed a response.

By his Anders brief, counsel raises grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an

2

independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.

Accordingly, counsel's motion to withdraw is hereby granted and the trial court's judgment is affirmed.[1]


Mackey K. Hancock
Justice


Do not publish.

---

[1] Counsel shall, within five days after this opinion is handed down, send his client a copy of the opinion and judgment, along with notification of appellant's right to file a *pro se* petition for discretionary review. See TEX. R. APP. P. 48.4.